**This order is SIGNED.**

Dated: September 13, 2016

WILLIAM T. THURMAN
U.S. Bankruptcy Judge



*uae*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No.: 16-23671 |
| Energy Drilling, LLC | Chapter 11 |
| Debtor(s). | Honorable William T. Thurman |

**FINDINGS AND CONCLUSIONS
REGARDING APPLICATION TO EMPLOY**

The Debtor's Application to Employ Warren R. Markowitz of The Markowitz Law Firm (the "Application") [Docket No. 38] came on for hearing before this Court on September 8, 2016, the Honorable William T. Thurman, United States Bankruptcy Judge, presiding. Warren Markowitz appeared on behalf of Debtor; Peter Kuhn appeared on behalf of the United States Trustee (the "UST"); Tariq Ahmad appeared telephonically on behalf of himself; and David Bailey appeared telephonically on behalf of Pacific Energy and Mining Company ("PEMC").

The Court has considered the pleadings filed in connection with the Application, representations of counsel at the hearing, and other relevant information of record in this case. Based upon the same, the Court hereby **FINDS AND CONCLUDES** as follows:

1. Notice of the Application and of the hearing on the Application was adequate and appropriate in all respects.

2. The Court has jurisdiction to consider this matter according to 28 USC § 1334. This matter is a core proceeding in compliance with 28 USC § 157(b). Venue is proper before this court in accordance with 28 USC §§ 1408, 1409.

3. The present Chapter 11 case was filed through a voluntary petition in the District of Utah on April 29, 2016 [Docket No. 1].

4. The Application, supporting affidavit of Warren R. Markowitz (the "Declaration"), and certificate of service for the Application was filed on June 8, 2016 [Docket No. 38]. The Application and Declaration indicate that Warren R. Markowitz is disinterested and does not hold an interest adverse to the estate of the Debtor herein. The Application also indicates that Warren R. Markowitz has provided legal and advisory services to the Debtor for the last two years.

5. Supplemental notice of hearing on the Application was filed June 18, 2016 [Docket No. 44].

6. On June 20, 2016, Tariq Ahmad filed an objection to the Application ("Ahmad Objection") [Docket No. 49]. On June 27, 2016, Warren R. Markowitz filed a reply to the Ahmad Objection [Docket No. 52]. On July 8, 2016, the UST filed a limited objection to the Application [Docket No. 92].

7. On July 15, 2016, the Court held a hearing on the Application. The issue before the Court was whether Warren M .Markowitz was a creditor of Debtor and had an interest adverse to the estate.

8. The Court ordered Warren R. Markowitz to file a copy of certain financial documents provided to the UST with the Court under seal as provided by the Local Rules by July

25, 2016. On July 29, 2016, the Court received the requested documents under seal from Warren R. Markowitz [Docket No. 126].

9. The Court reviewed the financial documents filed under seal and on August 26, 2016, the Court issued an order to appear and show cause as to why the Application should not be denied due to possible impermissible conflicts of interest that would prohibit Warren R. Markowitz employment and approval of the Application under 11 U.S.C. § 327 [Docket 131].

10. On September 2, 2016, the UST filed a supplemental objection to the Application (the "UST Objection") [Docket No. 133]. On September 6, 2016, Tariq Ahmad filed a joinder the UST Objection [Docket No. 134].

11. On September 8, 2016, the Court held a second hearing on the Application. Warren R. Markowitz objected to the standing of Tariq Ahmad and PEMC to appear at the hearing at present oral argument. However, Tariq Ahmad did not present oral argument against the Application and counsel for PEMC stated he was only listening to the proceedings.

12. Based on the financial documents filed under seal, the representations of Warren R. Markowitz, and all pleadings filed in connection with the Application - particularly the UST Objection, the court concludes that Warren R. Markowitz has an interest adverse to the estate and therefore the Application should not be approved pursuant to 11 U.S.C. § 327.

13. Other findings and conclusions, if any, were made on the record at the hearing on the Application.

14. A separate order denying the Application will accompany these Findings of Fact and Conclusions of Law.

**[END OF DOCUMENT]**

**DESIGNATION OF PARTIES TO RECEIVE NOTICE**

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING APPLICATION TO EMPLOY** shall be served to the parties and in the manner designated below:

**By Electronic Service** ECF LIST

**By U.S. Mail -** All parties on the Court's official case MATRIX.